1  TIMOTHY J. YOO (SBN 155531)
   MONICA Y. KIM (SBN 180139)
2  JOHN-PATRICK M. FRITZ (SBN 245240)
   LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
3  10250 Constellation Blvd., Suite 1700
4  Los Angeles, California 90067
   Telephone:  (310) 229-1234
5  Facsimile:  (310) 229-1244

6
   Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession
7

8              UNITED STATES BANKRUPTCY COURT
9               CENTRAL DISTRICT OF CALIFORNIA
                    (SANTA ANA DIVISION)
10

11 In re:                          )  CASE NO. 8:10-bk-10073-ES
                                   )
12 STAR FOOD INTERNATIONAL,        )  Chapter 11
   INC., a California corporation, dba )
13 "FRESHIA MARKET.",              )  **APPLICATION OF DEBTOR AND**
                                   )  **DEBTOR IN POSSESSION TO**
14            Debtor.              )  **EMPLOY LEVENE, NEALE,**
                                   )  **BENDER, RANKIN & BRILL L.L.P.**
15                                 )  **AS BANKRUPTCY COUNSEL;**
                                   )  **DECLARATION OF MONICA Y.**
16                                 )  **KIM, ESQ. IN SUPPORT THEREOF**
                                   )
17                                 )
                                   )  [No Hearing Required – Local Bankruptcy
18                                 )  Rule 2014-1(b)]
                                   )
19                                 )
                                   )
20                                 )
                                   )
21                                 )
                                   )
22 _____ )

23      Star Food International, Inc., a California corporation, dba "Freshia Market,"

24 Chapter 11 debtor and debtor in possession herein (the "Debtor"), hereby submits this
25
   application (the "Application") for Court approval of its employment of Levene, Neale,
26
   Bender, Rankin & Brill L.L.P. ("LNBRB") as bankruptcy counsel upon the terms and
27

28

conditions described below.  In support of this Application, the Debtor respectfully

represents as follows:

A.     Case Background

1.      The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") on January 5, 2010 (the "Petition Date"). The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.      On January 5, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Following the Petition Date, the Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      The Debtor is engaged in the business of owning and operating three (3) large, full service supermarkets located in Tustin, CA (14551 Red Hill Ave., Tustin, CA 92780), Torrance, CA (2515 Torrance Blvd., Torrance, CA 90503), and Garden Grove, CA (12840 Beach Blvd., Stanton, CA 90680).  Each of the supermarkets features fresh produce, fresh fish and meats, and other food and consumer products including products that cater to the Asian/Korean communities including ready-made Korean foods.

B.     Employment of Bankruptcy Counsel

4.      As a debtor in a Chapter 11 bankruptcy case, the Debtor requires the services of bankruptcy counsel.  The Debtor has decided that LNBRB is the ideal bankruptcy counsel to represent the Debtor taking into account firm size, experience, skill level and cost.  In that regard, the Debtor seeks to employ LNBRB as its bankruptcy counsel, at the expense of the

Debtor's bankruptcy estate, and to have the Debtor's employment of LNBRB be deemed effective as of the Petition Date.

5.     The Debtor seeks to employ LNBRB as its bankruptcy counsel to render, among others, the following types of professional services:

a.     advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtor;

b.     advising the Debtor with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors;

c.     representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving its estate unless the Debtor is represented in such proceeding or hearing by other special counsel;

d.     conducting examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of LNBRB's expertise or which is beyond LNBRB's staffing capabilities;

e.     preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, cash collateral pleadings, financing pleadings, and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

f.     representing the Debtor with regard to obtaining use of debtor in possession financing and/or cash collateral including, but not limited to, negotiating and seeking

Bankruptcy Court approval of any debtor in possession financing and/or cash collateral pleading or stipulation and preparing any pleadings relating to obtaining use of debtor in possession financing and/or cash collateral;

g.    assisting the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and

h.    performing any other services which may be appropriate in LNBRB's representation of the Debtor during its bankruptcy case.

6.    LNBRB is comprised of attorneys who specialize in and limit their practice to matters of insolvency, reorganization and bankruptcy law and is well qualified to represent the Debtor.  All attorneys comprising or associated with LNBRB are admitted to practice law in the California courts and in the United States District Court for the Central District of California.  A copy of LNBRB's firm resume is attached as Exhibit "A" to the Declaration of Monica Y. Kim, Esq. (the "Kim Declaration") annexed hereto.

7.    LNBRB will bill its time for its representation of the Debtor on an hourly basis in accordance with LNBRB's standard hourly billing rates.  A listing of the current hourly billing rates for each of LNBRB's attorneys is attached as Exhibit "B" to the Kim Declaration annexed hereto.  LNBRB will seek reimbursement of expenses in accordance with the rates set forth in the guidelines promulgated by the Office of the United States Trustee.  The Debtor expects that Timothy J. Yoo, Esq. and Monica Y. Kim, Esq. will be the primary attorneys at LNBRB responsible for the representation of the Debtor during its Chapter 11 case.

8.    Because LNBRB's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization law, the services provided by LNBRB do not include the rendition of substantive legal advice outside of these areas such as corporate, tax, securities, tort,

environmental, labor, criminal, real estate law or real estate litigation. LNBRB will not be required to represent or advise the Debtor in matters which LNBRB believes are beyond LNBRB's expertise such as the areas of law just described. In addition, LNBRB will not be required to represent the Debtor in matters where LNBRB determines that it lacks the ability to staff the matter adequately, such as in certain, major complex litigation.

9.      During the one-year period prior to its Chapter 11 filing, the Debtor paid the total sum of $100,000 (the "Retainer") to LNBRB for legal services in contemplation of and in connection with the Debtor's Chapter 11 case. The Chapter 11 filing fee was paid out of the Retainer. The Debtor advised LNBRB that the source of the Retainer was the Debtor's funds.

10.      LNBRB negotiated the amount of the Retainer with the Debtor based upon a number of factors including, but not limited to, the size and complexity of the Debtor's case, the time that LNBRB expects to put forth in the Debtor's case, the limited amount of funds the Debtor had at the time of its bankruptcy filing, and the expected availability of funds to pay LNBRB's fees and expenses incurred in excess of the Retainer.

11.      LNBRB has not been paid any money by the Debtor at any time other than the Retainer. LNBRB has not received any lien or other interest in property of the Debtor or of a third party to secure payment of LNBRB's fees or expenses.

12.      The unused portion of the Retainer remaining at the time of the Debtor's bankruptcy filing is an advanced fee payment retainer which will be maintained in a segregated trust account. To assist LNBRB with its own cash flow needs, LNBRB requests Court authority to draw down against the remaining Retainer on a post-petition basis for all fees and expenses incurred during the Debtor's Chapter 11 case.

13.      In addition to the Retainer, LNBRB will seek Court authority to be paid from the Debtor's estate for any and all fees incurred and expenses advanced by LNBRB in excess of the

Retainer.  LNBRB recognizes that the payment of any such additional fees and expenses will be subject to further Court order after notice and a hearing.

14.     LNBRB has not shared or agreed to share its compensation for representing the Debtor with any other person or entity, except among its members.

15.     LNBRB will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by LNBRB during the previous month.

16.     LNBRB understands the provisions of 11 U.S.C. Sections 327, 330 and 331 which require, among other things, Court approval of the Debtor's employment of LNBRB as bankruptcy counsel and of all legal fees and reimbursement of expenses that LNBRB will receive from the Debtor and the Debtor's estate.

17.     LNBRB is not a creditor, an equity security holder or an insider of the Debtor.

18.     LNBRB does not have any previous connection with any insider of the Debtor or any insider of an insider of the Debtor.

19.     LNBRB is not and was not an investment banker for any outstanding security of the Debtor.  LNBRB has not been within three years before the Petition Date an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

20.     Neither LNBRB nor any member of LNBRB is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

21.     As set forth in the annexed Kim Declaration, to the best of LNBRB's knowledge, LNBRB does not hold or represent any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect

relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

22.     As set forth in the annexed Kim Declaration, to the best of LNBRB's knowledge, LNBRB does not hold or represent any interest materially adverse to the Debtor or the Debtor's estate, and LNBRB is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.  Also, to the best of LNBRB's knowledge, LNBRB has no prior connection with the Debtor, any creditors of the Debtor or its estate, or any other party in interest in this case, or its respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

23.     The Debtor believes that its employment of LNBRB upon the terms and conditions set forth above is in the best interest of the Debtor's estate.

24.     A true and correct copy of the Notice of this Application, which was filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached as Exhibit "C" to the Kim Declaration annexed hereto.

**WHEREFORE**, the Debtor respectfully requests that the Court approve the Debtor's

employment of LNBRB as its bankruptcy counsel upon the terms and conditions set forth

above.

Dated:    January 6, 2010

STAR FOOD INTERNATIONAL, INC., dba
FRESHIA MARKET

Steve Park
President and Chief Executive Officer

Submitted By:
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.

By:_____
    MONICA Y. KIM
    LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
    Proposed Attorneys for Chapter 11
    Debtor and Debtor in Possession

**WHEREFORE**, the Debtor respectfully requests that the Court approve the Debtor's employment of LNBRB as its bankruptcy counsel upon the terms and conditions set forth above.

Dated: January 6, 2010                    STAR FOOD INTERNATIONAL, INC., dba
                                          FRESHIA MARKET


                                          _____
                                          Steve Park
                                          President and Chief Executive Officer

Submitted By:
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.


By:    */s/ Monica Y. Kim*_____
       MONICA Y. KIM
       LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
       Proposed Attorneys for Chapter 11
       Debtor and Debtor in Possession

<u>DECLARATION OF MONICA Y. KIM, ESQ.</u>

I, MONICA Y. KIM, ESQ., HEREBY DECLARE AS FOLLOWS:

1.    I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.    I am a partner of the law firm of Levene, Neale, Bender, Rankin & Brill L.L.P. ("LNBRB").  I am an attorney licensed to practice law in the State of California, in the United States District Court and the Bankruptcy Courts for the Southern, Central, Northern and Eastern Districts of California, and in the United States Court of Appeals for the Ninth Circuit.

3.    LNBRB is comprised of attorneys who specialize in and limit its practice to matters of insolvency, reorganization and bankruptcy law.   All attorneys comprising or associated with LNBRB are admitted to practice law in the California courts and in the United States District Court for the Central District of California.   Attached hereto as Exhibit "A" is a copy of LNBRB's resume.

4.    Star Food International, Inc., a California corporation, dba "Freshia Market," chapter 11 debtor and debtor in possession herein (the "Debtor"), commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. § 101 <u>et seq.</u> (the "Bankruptcy Code") on January 5, 2010 (the "Petition Date").  The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.    The Debtor has requested LNBRB to serve as its bankruptcy counsel in connection with its pending Chapter 11 bankruptcy case.

6.    LNBRB has agreed to represent the Debtor as its bankruptcy counsel to render such ordinary and necessary legal services as may be required in connection with the Debtor's Chapter 11 case including, but not limited to:

a.    advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtor;

b    advising the Debtor with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors;

c.    representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving its estate unless the Debtor is represented in such proceeding or hearing by other special counsel;

d.    conducting examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of LNBRB's expertise or which is beyond LNBRB's staffing capabilities;

e.    preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, cash collateral pleadings, financing pleadings, and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

f.    representing the Debtor with regard to obtaining use of debtor in possession financing and/or cash collateral including, but not limited to, negotiating and seeking Bankruptcy Court approval of any debtor in possession financing and/or cash collateral pleading or stipulation and preparing any pleadings relating to obtaining use of debtor in possession financing and/or cash collateral;

g.    assisting the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and

h.    performing any other services which may be appropriate in LNBRB's representation of the Debtor during its bankruptcy case.

7.    LNBRB will bill its time for its representation of the Debtor on an hourly basis in accordance with LNBRB's standard hourly billing rates.  A listing of the current hourly billing rates for each of LNBRB's attorneys is attached hereto as Exhibit "B."  LNBRB will seek reimbursement of expenses in accordance with the rates set forth in the guidelines promulgated by the Office of the United States Trustee.  I expect that I will be the primary attorney at LNBRB responsible for the representation of the Debtor during its Chapter 11 case.

8.    Because LNBRB's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization law, the services provided by LNBRB do not include the rendition of substantive legal advice outside of these areas such as corporate, tax, securities, tort, environmental, labor, criminal, real estate law or real estate litigation.  LNBRB will not be required to represent or advise the Debtor in matters which LNBRB believes are beyond LNBRB's expertise such as the areas of law just described.  In addition, LNBRB will not be required to represent the Debtor in matters where LNBRB determines that it lacks the ability to staff the matter adequately, such as in certain, major complex litigation.

9.    During the one-year period prior to its Chapter 11 filing, the Debtor paid the total sum of $100,000 (the "Retainer") to LNBRB for legal services in contemplation of and in connection with the Debtor's Chapter 11 case.  The Chapter 11 filing fee was paid out of the Retainer.  The Debtor advised LNBRB that the source of the Retainer was the Debtor's funds.

10.     LNBRB negotiated the amount of the Retainer with the Debtor based upon a number of factors including, but not limited to, the size and complexity of the Debtor's case, the time that LNBRB expects to put forth in the Debtor's case, the limited amount of funds the Debtor had at the time of its bankruptcy filing, and the expected availability of funds to pay LNBRB's fees and expenses incurred in excess of the Retainer.

11.     LNBRB has not been paid any money by the Debtor at any time other than the Retainer.  LNBRB has not received any lien or other interest in property of the Debtor or of a third party to secure payment of LNBRB's fees or expenses.

12.     The unused portion of the Retainer remaining at the time of the Debtor's bankruptcy filing is an advanced fee payment retainer which will be maintained in a segregated trust account.  To assist LNBRB with its own cash flow needs, LNBRB requests Court authority to draw down against the remaining Retainer on a post-petition basis for all fees and expenses incurred during the Debtor's Chapter 11 case.

13.     In addition to the Retainer, LNBRB will seek Court authority to be paid from the Debtor's estate for any and all fees incurred and expenses advanced by LNBRB in excess of the Retainer.  LNBRB recognizes that the payment of any such additional fees and expenses will be subject to further Court order after notice and a hearing.

14.     LNBRB has not shared or agreed to share its compensation for representing the Debtor with any other person or entity, except among its members.

15.     LNBRB will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by LNBRB during the previous month.

16.     LNBRB understands the provisions of 11 U.S.C. Sections 327, 330 and 331 which require, among other things, Court approval of the Debtor's employment of LNBRB as

bankruptcy counsel and of all legal fees and reimbursement of expenses that LNBRB will receive from the Debtor and the Debtor's estate.

17.     LNBRB is not a creditor, an equity security holder or an insider of the Debtor.

18.     LNBRB does not have any connection with any insider of the Debtor or any insider of an insider of the Debtor.

19.     LNBRB is not and was not an investment banker for any outstanding security of the Debtor.  LNBRB has not been within three years before the Petition Date an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

20.     Neither LNBRB nor any member of LNBRB is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

21.     To the best of my knowledge, LNBRB does not hold or represent any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

22.     To the best of my knowledge, LNBRB does not hold or represent any interest materially adverse to the Debtor or the Debtor's estate, and LNBRB is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.  Also, to the best of my knowledge, LNBRB has no prior connection with the Debtor, any creditors of the Debtor or its estate, or any other party in interest in this case, or its respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

23.     A true and correct copy of the Notice of this Application, which was filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached hereto as Exhibit "C".

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 6th day of January, 2010, at Century City, California.

*/s/ Monica Y. Kim*

MONICA Y. KIM, ESQ.,      Declarant

**EXHIBIT A**



LAW OFFICES
## LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone No. (310) 229-1234
Telecopier No. (310) 229-1244

## 2009

Partners

DAVID W. LEVENE, born March 24, 1945, New York, New York.  Business and Professional Experience:  July, 1974 to Present, attorney who has limited his practice primarily to matters of bankruptcy, insolvency, business reorganization and commercial financing transactions.  Education and Honors:  University of Southern California, B.S., cum laude, Business Administration, 1967;  University of Southern California, M.B.A., finance and marketing, 1968;  Loyola University of Los Angeles, J.D. magna cum laude, 1974.  Bar Admissions:  California, United States District Court for the Southern, Central, Eastern and Northern Districts of California; and U.S. Court of Appeals, Ninth Circuit.  Professional Memberships and Associations: Los Angeles County (member: Executive Committee, Commercial Law and Bankruptcy Section, 1982-1987; Bankruptcy Subcommittee, 1981-1987); Chairman of the Bankruptcy Section of Beverly Hills Bar Association, 1988, 1989; Federal and American Bar Associations; The State Bar of California; Financial Lawyers Conference; American Bankruptcy Institute; Commercial Law League of America; and Turnaround Management Association.  Guest Lecturer:  Frost & Sullivan, Inc., "Loan Workouts, LBOs and Bankruptcy"; The Banking Law Institute, "Loan Workout, Restructure and Bankruptcy"; Drexel Burnham Lambert, "Chapter 11"; Financial Lawyers Conference, "Fraudulent Conveyances"; Los Angeles Bankruptcy Forum, "Out of Court Reorganizations"; Orange County Bankruptcy Forum, "Restructuring Financially Troubled Businesses"; Jewelers Board of Trade, "Consignment Issues in Bankruptcy"; Turnaround Management Association, Fall, "Case Study on Representation of Debtor in Out of Court Workouts and Chapter 11"; National Conference of the Turnaround Management Association, "Gaining Confidence of Lenders and Creditors in Workouts and Restructurings"; Young Presidents' Organization National Conference, "Acquisition and Investment Opportunities in Bankruptcy Reorganization Cases"; The Counselors of Real Estate Convention, "Chapter 11 and the Role of the Real Estate Advisor"; Association of Insolvency Accountants: Valuation Conference, "Valuation Issues in Chapter 11 Cases", Moderator of seminar on "Workouts" sponsored by Orange Country Bankruptcy Forum, "Role of Appraisers in Bankruptcy & Reorganization Cases" presented at convention of American Society of Appraisers 1998, and guest lecturer on "Workouts and Restructuring" presented nationally by Fulcrum Information Services.  Twice included in annual list of "100 most prominent business attorneys practicing in Los Angeles County" in Los Angeles Business Journal's annual list of "Who's Who in Law and Accounting" (February 1995 and February 1996 editions).  Named a "Southern California Super Lawyers" in a 2006 poll of his peers.

DAVID L. NEALE ("DLN") received his B.A., Summa Cum Laude from Princeton University in 1984); his J.D. from Columbia University School of Law in 1987). He was admitted to the New York Bar, in 1988; and the California Bar in 1989. He was admitted to the Ninth Circuit Court of Appeals in 1989; admitted to the United States District Court for the Southern and Eastern Districts of New York in 1988; and admitted to the Central, Eastern, Northern and Southern Districts of California in 1989. Mr. Neale has also practiced extensively in courts around the country, in venues as diverse as Oregon, Arizona, Nevada, Texas, Arkansas, Utah and Florida. He is a Member of the American Bar Association, Association of the Bar of the City of New York, New York County Bar Association, Century City Bar Association, Beverly Hills Bar Association, Financial Lawyers' Conference, Association of Trial Lawyers of America, Turnaround Management Association, and the Commercial Law League of America. Mr. Neale is the author of "Bankruptcy and Contractual Relations in the Entertainment Industry--An Overview," 1990 Entertainment, Publishing and the Arts Handbook; "A Survey of Recent Bankruptcy Decisions Impacting upon the Entertainment Industry," 1992 - 1993 Entertainment, Publishing and the Arts Handbook; "SEC Actions and Stays," *National Law Journal,* 2002; and "The Scope and Application of 11 U.S.C. § 1145," American Bankruptcy Institute Bankruptcy Battleground West, 2003. He was featured as a "Mover & Shaker" by *The Deal* magazine in 2006, and has been interviewed several times by, among others, KNX news radio in Los Angeles, *Variety* magazine and the *California Real Estate Journal* on bankruptcy topics. Mr. Neale has appeared as a speaker on the following topics before the following organizations: "Making the Best Better: Lessons From the Battlefield," Turnaround Management Association 6th Annual Spring Meeting, 1998; "Litigation Issues in Bankruptcy," Business Torts - An Introduction and Primer, Consumer Attorneys Association of Los Angeles, 1998; "There Must Be Fifty Ways to Leave Your Troubles," Turnaround Management Association, 1998;"The Impact of State Court Decisions in Bankruptcy Court," Beverly Hills Bar Association, 2001. He has appeared as a panelist, addressing issues relating to "Bankruptcy in the Dot-Com Economy" and "Licensing Agreements: How to Draft and Enforce Them" for Law.Com Seminars, 2001 and "Public Company Debtors and the SEC," American Bankruptcy Institute Bankruptcy Battleground West, 2003. "The 2005 Amendments to Bankruptcy Code Sections 546(c) and 547 – The Early Returns," Financial Lawyers Conference, 2008. Mr. Neale serves on the Board of Directors of the Financial Lawyers Conference and AIDS Project Los Angeles. Since 2005, Mr. Neale has consistently been named by Los Angeles Magazine as one of its 100 "Super Lawyers" in the bankruptcy field.

RON BENDER, born Los Angeles, California, July 22, 1964; admitted to California Bar, 1989. Admitted to the United States District Court, Central, Eastern, Northern and Southern Districts of California and the United States Court of Appeals for the Ninth Circuit. He is a founding and co-managing partner of the firm. With a large and diverse practice he has successfully reorganized numerous companies and restructured the financial affairs of many individuals. He is widely regarded as a highly creative, results oriented bankruptcy attorney who is able to tackle complex problems and develop and implement creative solutions. He has been listed by "Super Lawyers" as one of the top 100 lawyers in Southern California. Mr. Bender received his undergraduate degree in finance from the prestigious Wharton School of Business at the University of Pennsylvania in 1986 where he graduated first in his class (B.S., summa cum laude), and then obtained his law degree from Stanford University Law School in 1989. During law school, Mr. Bender served as a judicial extern for the Honorable Lloyd King, U.S.

Bankruptcy Court, Northern District of California Bankruptcy Court. Since graduating from law school, Mr. Bender has worked solely in the area of bankruptcy, insolvency and business reorganization, and has developed one of the largest bankruptcy practices in Southern California, including in the representation of debtors, creditors' committee, creditors, and purchasers of businesses. Mr. Bender's incredibly broad Chapter 11 debtor experience includes the representation of Bodies in Motion (a chain of fitness facilities which was sold for approximately $10 million); Small World Toys (a toy company which was sold for approximately $16 million); Intervisual (a children's book company which was sold for approximately $10 million); LightPointe Communications (a manufacturer of wireless networking equipment which was successfully reorganized); Nicola (a large olive importer and distributor which was successfully reorganized); Krispy Kreme (an owner and operator of Krispy Kreme Doughnut Stores whose case is currently pending); Pleasant Care (an owner and operator of skilled nursing facilities with annual revenue of approximately $200 million which was sold for approximately $17 million); Aura Systems (a publicly traded manufacturer of a mobile power generator which successfully reorganized); Sega GameWorks (a retail entertainment based company operating under the name of "GameWorks," with $60 million of annual revenue, which was sold for approximately $8 million); Alliant Protection Services, (a commercial and residential alarm services company with 16,000 customers, which was sold for $14.5 million); The Walking Company (a national chain of 101 retail stores selling specialty shoes and footwear, which was reorganized involving $22 million of cash, debt and stock); Gadzoox Networks (a publicly traded company engaged in the business of providing networking infrastructure for storage and data management, where one division was sold for $8.5 million and the balance of the company was reorganized); State Line Hotel, State Line Casino, Jim's Enterprises (two hotels and casinos located in West Wendover, Nevada known as the State Line Hotel and Casino and the Silver Smith Hotel and Casino, which were sold for $55 million); Management Action Programs (a management consulting firm that was reorganized); Easyrider and Paisano Publications (publicly traded publishers of thirteen national magazines catering to the motorcycle and tattoo markets, which was sold for $12.3 million); Clifford Electronics (a manufacturer of automotive aftermarket and original equipment manufacturer security systems and components, primarily for automobiles, with annual sales of $40 million, which was sold for $20 million); Chorus Line Corporation and California Fashions Industries (one of the largest apparel companies in the country with annual sales of $500 million, in a Chapter 11 liquidation); Avus (a distributor of computer systems with sales of in excess of $100 million, which was sold); A.J. Markets (chain of supermarkets sold for $5 million); Trancas Town (owner of 35 acres of raw developable land in Malibu, California that reorganized); Association of Volleyball Professionals (professional beach volleyball league sold in Chapter 11); Louise's Trattoria (chain of 16 Italian food restaurants with $30 million in annual revenue sold in Chapter 11 for $7 million); Westward Ho Markets (a supermarket chain with $50 million of annual revenue and $20 million of debt which was restructured through a confirmed Chapter 11 reorganization plan); Special Effects Unlimited (one of the largest providers of special effects in the movie industry which was restructured through a confirmed Chapter 11 reorganization plan); Santa Barbara Aerospace (a heavy aircraft maintenance facility located at the former Norton Air Force base in San Bernardino, California, which was restructured and sold); Manchester Center (a 1.5 million square foot shopping center in Fresno, California which was sold for $25 million); Marbella Golf and County Club (which is a golf and country club located in San Juan Capistrano which was reorganized); Southwest Hospital (an acute care hospital located in Riverside which was reorganized); Servall Packaging Industries (a contract packaging company which was sold); Polaris Networks (a telecommunications networks and software

3

company which successfully reorganized); and Prestige Products (a distributor of aftermarket automobile accessories which was sold). Mr. Bender's representation of creditors' committees includes the representation of the creditors' committees in the Chapter 11 bankruptcy cases of Trigem America (a wholly-owned subsidiary of one of the largest computer manufacturers in the world located in Korea) and Robinson Golf Holdings (the owner of a large golf resort development project).

CRAIG M. RANKIN, a name partner at Levene, Neale, Bender, Rankin & Brill L.L.P. since 1998, focuses on bankruptcy, insolvency and reorganization cases involving family and closely-owned mid-market businesses. He has amassed more than a decade of bankruptcy law experience applying comprehensive finance and accounting knowledge to resolve problems. Mr. Rankin is a graduate of the University of Wisconsin majoring in philosophy, English and accounting and an honor graduate of Marquette University School of Law. Mr. Rankin was the recipient of the American Jurisprudence Award in a school-record 9 classes during his stay at Marquette. He also passed the Certified Public Accountant's exam while in law school. He and his partner won the Marquette Moot Court competition and represented Marquette in the National Moot Court competition. Mr. Rankin was a faculty member of the University Law School in Menlo Park in 1995. Since 2000, he has written quarterly columns for the National Law Journal as their resident bankruptcy expert. Notably, he represented the debtor in the Chardonnay Golf Club bankruptcy case; Mervyn Adelson, former owner of Lorimar Studios; and Stan Lee Media.

MARTIN J. BRILL. Mr. Brill has devoted his over 30 years of practice exclusively to bankruptcy, insolvency and business reorganizations, with particular emphasis on complex reorganizations of publicly-held companies in a wide range of industries. Mr. Brill's expertise in the interplay between bankruptcy and securities laws has led to the successful reorganization of numerous publicly-held corporations and privately-held corporations desiring to go public, including Prism Entertainment Corporation (involving a reverse merger of the publicly-held film producer, Prism, with a privately-owned video retailer), Geo Petroleum, Inc., (successful Chapter 11 of publicly-held oil and gas company), Video City, Inc., (successful Chapter 11 for video retailer with over 75 locations involving issuance of securities for debt), and American Blood Institute, Inc. (successfully raised over $1.2 million through complex debtor financing, allowing company to emerge as publicly-held plasma company, SeraCare, Inc.). Mr. Brill also has represented debtors, creditors, trustees, plan proponents, asset purchasers and creditors committees in a wide variety of diverse chapter 11 reorganization cases. For example, Mr. Brill was lead counsel in representing the chapter 11 debtor in Gateway Computer Systems (a multi-store retailer of computers and related equipment), the chapter 11 debtor in Primedex Health Systems, Inc. (successful pre-packaged plan confirmed in less than 45 days for diagnostic imaging company), as well as the chapter 11 debtors in the hospital reorganization cases for Chino Valley Medical Center, Canyon Ridge Hospital, Lincoln Hospital Medical Center and the official creditors committees in Fields Aircraft Spares, Inc. (aircraft parts distributor), New Star Media, Inc.(publishing company), Henry Mayo Newhall Memorial Hospital (hospital), Daewoo Motor America, Inc. (Daewoo automobile distributor in the U.S.), Intercare Health Systems, Inc. and Vista Hospital Systems, Inc.(hospitals). In addition, Mr. Brill has also handled numerous out-of-court workouts and restructurings, including the successful out-of-court debt restructuring for Carolco Pictures, Inc. Mr. Brill was admitted to the California Bar in 1972. His educational background is as follows: University of California at Los Angeles (B.A., *cum laude*, 1969; J.D.,

1972).  Associate Editor U.C.L.A. Law Review, 1971-1972.  Co-Author:  "Collective Bargaining and Politics in Public Employment," 19 U.C.L.A. Law Review 887, 1972.  He is a member of the State Bar of California and a member of the Beverly Hills, Century City, Los Angeles County (Member, Sections on:  Commercial Law; Bankruptcy) and American Bar Associations. He is currently serving on the Executive Committee of the Bankruptcy Section of the Beverly Hills Bar Association (Chairman from 2002-2003) and served on the Board of Directors of the Los Angeles Bankruptcy Forum.  He is a member of the Financial Lawyers Conference and has lectured to various trade groups and bar associations on bankruptcy and related topics.

DAVID B. GOLUBCHIK, born Kiev, Ukraine, January 10, 1971; admitted to bar 1996, California.    Education: University of California, Los Angeles (B.A. 1992), Pepperdine University School of Law (J.D., 1996).  Vice Chairman, Moot Court Board; Vice Magistrate, Phi Delta Phi International Legal Fraternity; American Jurisprudence Award in Business Reorganization in Bankruptcy.  In addition to the State Bar of California, admitted to the U.S. District Court, Central, Southern, Eastern and Northern Districts of California.  Law Clerk to the Honorable Thomas B. Donovan, United States Bankruptcy Court, Central District of California (1996-1997).  Member, American Bar Association, Los Angeles County Bar Association, Los Angeles Bankruptcy Forum.    Practice emphasizes bankruptcy, corporate insolvency and creditors' rights.  Language: Russian.

DANIEL H. REISS, partner of the firm, born April 19, 1962, Los Angeles, California. Business and Professional Experience:  1990 to present, primary practice areas of bankruptcy, insolvency, business reorganization and commercial litigation.  Tax Accountant with KMPG Peat Marwick, 1983-1987; Certified Public Accountant.  Education and Honors:  California State University, Northridge, summa cum laude, B.S., Business Administration, 1984; University of Southern California, courses in Masters in Business Taxation program, 1986; Loyola of Los Angeles Law School, J.D., 1990; St. Thomas Moore Honor Society, 1988-90; Staff and Note Editor, Loyola of Los Angeles Law Review, 1988-1990; President of Phi Delta Phi legal honor fraternity.   Bar Admissions:   1990 State of California, U.S. Federal District Court for the Southern, Central, Eastern and Northern Districts of California.  Professional Memberships: California State Bar, Bankruptcy and Commercial Law Sections, Los Angeles Bankruptcy Forum, The Association for Corporate Growth.    Lecturer:    California Credit Managers Association, "Hostile Takeovers in Bankruptcy;" Credit and Financial Services Division of the National Association of Credit Managers, "Creditors' Revenge:    Involuntary Bankruptcy Petitions;" Haight, Brown & Bonesteel, L.L.P., "So, You Want to Be a Millionaire?"  Voted 2006 Southern California Super Lawyer.

MONICA YOUNG KIM, born Daejon, S. Korea, June 4, 1970; admitted to bar 1995, California.  Education: University of California at Berkeley (B.A., 1991); Hastings College of the Law (J.D., 1995).  Law Clerk to the Honorable Jane Dickson McKeag, U.S. Bankruptcy Judge, Eastern District of California, 1995-96.

BETH ANN R. YOUNG, born Santa Monica, California, June 30, 1964; admitted to bar December, 1989, California.  Admitted to the United States District Court, Central, Eastern, Northern and Southern Districts of California and the United States Court of Appeals for the Ninth Circuit.  Education: University of California at Los Angeles (B.A., 1986); Loyola Law School (J.D., 1989).    Member: American Bar Association, Century City Bar Association,

Beverly Hills Bar Association, Financial Lawyers' Conference, and Los Angeles Bankruptcy Forum. Reported Decisions: <u>San Paolo U.S. Holding Company v. 816 South Figueroa Company</u> (1998) 62 Cal. App. 4th 1010, 1026; and <u>Ziello v. First Federal Bank</u> (1995) 36 Cal. App. 4th 321, 42 Cal. Rptr. 2d 251.    Presenter: "Domestic Partnerships in California: Important New Rules Affecting Creditors," October, 2004.

<u>Associates</u>

JACQUELINE L. RODRIGUEZ is a senior counsel at Levene, Neale, Bender, Rankin & Brill L.L.P., where she specializes in corporate and individual insolvency, and business and bankruptcy litigation. A graduate of Loyola Marymount University, with an undergraduate degree in International Business, and the University of Southern California School of Law, Ms. Rodriguez was an extern to the Honorable John Ryan, United States Bankruptcy Court and the Bankruptcy Appellate Panel in 1997. She was admitted to the California Bar in 1998, and joined the firm in 2001. Her casework includes FAO Schwarz, Stan Lee Media, Britches of Georgetown, Inc., Alliant Protection Services, Inc., Franchise Pictures and Pleasant Care Corporation. She has also represented several celebrity clients in individual bankruptcy cases. The published author of several legal articles, Ms. Rodriguez is a member of the American Bar Association, the American Bankruptcy Institute, the Financial Lawyers Conference, the National Association of Trial Attorneys and the Hispanic National Bar Association. She was voted a "Rising Star" in Los Angeles Magazine's poll of Southern California best attorneys in 2006, 2007 and 2008 and is fluent in Spanish and French.

JULIET Y. OH, born Tenerife, Canary Islands (Spain), September 15, 1975; admitted to bar 2000, California. Education: Stanford University (B.A.1997), University of California, Los Angeles (J.D., 2000). Extern with the Office of the United States Trustee for the Central District of California, 1999.  In addition to the State Bar of California, admitted to the U.S. Federal District Court for the Central, Southern, and Eastern Districts of California. Member, American Bar Association, Los Angeles County Bar Association.

TODD M. ARNOLD, born Sacramento, California, December 17, 1973.  Admitted to the State Bar of California 2002.  In addition to the State Bar of California, admitted to the U.S. District Court for all Districts of California.  Education: University of California, Los Angeles (B.A. 1997), Loyola Law School, Los Angeles (J.D. 2002), *Order of the Coif*.  Extern and Law Clerk to the Honorable Thomas B. Donovan, United States Bankruptcy Judge (2002-2003). Member, American Bar Association, Los Angeles County Bar Association, American Bankruptcy Institute and Financial Lawyers Conference.

MICHELLE SHARONI GRIMBERG, born and raised in Israel, was an associate at Loeb & Loeb and Bingham McCutchen, prior to her joining LNBRB.  Ms. Grimberg specializes in complex business litigation arising before and during the bankruptcy reorganization process, in both state and federal court.  Ms. Grimberg also has experience litigating and defending probate and labor and employment disputes.  Ms. Grimberg graduated from University of California, Irvine, with a double major in Psychology and Criminology, with honors.  She then attended University of California Hastings College of the Law where she obtained her Law Degree.  Ms. Grimberg was admitted to the California Bar in 2001.

ANTHONY A. FRIEDMAN was born in Los Angeles, California. He received his Juris Doctor degree from the University of La Verne School of Law and his Bachelor of Arts degree from the University of California at San Diego. Mr. Friedman primarily practices in the bankruptcy area and focuses on Trustee, Debtor and Creditor representation, as well as commercial litigation. Prior to joining Levene Neale Bender Rankin & Brill LLP, Mr. Friedman was a judicial extern for the Honorable Kathleen Thompson, United States Bankruptcy Judge, Central District of California, an associate at Weinstein, Eisen & Levine, Greenberg & Bass, Weintraub & Aver, LLP, and most recently, Moldo Davidson Fraioli Seror & Sestanovich LLP. Mr. Friedman is admitted to practice in the state courts of California the United States District Court for the Central District of California and the 9th Circuit Court of Appeals. Mr. Friedman practices in the areas of bankruptcy, commercial litigation and corporate transactions. Mr. Friedman is a member of the Los Angeles County Bar Association, the Los Angeles Bankruptcy Forum, the Financial Lawyer's Conference, the Commercial Law League of America, and the San Fernando Valley Bar Association. Mr. Friedman is also a volunteer in the Public Counsel Law Center Bankruptcy pro bono project.

TANIA M. MOYRON, born, La Paz, Mexico. Admitted to Bar February 28, 2005, California. Education: University of California, San Diego (B.A., 1999); University of the Pacific, McGeorge School of Law (J.D., 2004). Experience: Student Extern (2004), Trial Law Clerk (2004-2005), and Appellate Law Clerk (2005-2006) to the Hon. Christopher M. Klein, U.S. Bankruptcy Judge, Eastern District of California, and Member, Bankruptcy Appellate Panel of the Ninth Circuit.

KRIKOR J. MESHEFEJIAN, born, Los Angeles, California. Admitted to California State Bar, January 2008. Education: University of California, Irvine (B.A., 2003); University of Illinois College of Law (J.D., 2007). Experience: Law Clerk to the Honorable Geraldine Mund, United States Bankruptcy Judge for the Central District of California, October 2007 - January 2008; Law Clerk to the Honorable Victoria S. Kaufman, United States Bankruptcy Judge for the Central District of California, March 2008 - September 2008.

JOHN-PATRICK M. FRITZ, born, New Orleans, Louisiana. Admitted to California State Bar, December 2006. Education: Tufts University, Massachusetts (B.A., 2001); Southwestern University School of Law (J.D., 2006). Experience: Law Clerk to the Honorable Maureen A. Tighe, United States Bankruptcy Judge for the Central District of California, August 2007 – August 2009.

**EXHIBIT B**

LAW OFFICES

## LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.

10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone No. (310) 229-1234
Telecopier No. (310) 229-1244

**2010 HOURLY BILLING RATES**

| ATTORNEYS | RATE |
|---|---|
| DAVID W. LEVENE | $ 585.00 |
| DAVID L. NEALE | 585.00 |
| RON BENDER | 585.00 |
| MARTIN J. BRILL | 585.00 |
| LAWRENCE A. DIAMANT | 585.00 |
| EDWARD M. WOLKOWITZ | 585.00 |
| TIMOTHY J. YOO | 585.00 |
| DAVID B. GOLUBCHIK | 540.00 |
| MONICA Y. KIM | 540.00 |
| BETH ANN R. YOUNG | 540.00 |
| DANIEL H. REISS | 540.00 |
| IRVING M. GROSS | 540.00 |
| PHILIP A. GASTEIER | 540.00 |
| JACQUELINE L. RODRIGUEZ | 485.00 |
| JULIET Y. OH | 485.00 |
| MICHELLE S. GRIMBERG | 485.00 |
| TODD M. ARNOLD | 485.00 |
| TODD A. FREALY | 485.00 |
| ANTHONY A. FRIEDMAN | 415.00 |

| | |
|---|---|
| CARMELA T. PAGAY | 415.00 |
| TANIA M. MOYRON | 335.00 |
| NATELLA ROYZMAN | 335.00 |
| JOHN-PATRICK M. FRITZ | 335.00 |
| KRIKOR J. MESHEFEJIAN | 335.00 |
| PARAPROFESSIONALS | 195.00 |

**EXHIBIT C**

TIMOTHY J. YOO (SBN 155531)
MONICA Y. KIM (SBN 180139)
JOHN-PATRICK M. FRITZ (SBN 245240)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

(SANTA ANA DIVISION)

| | |
|---|---|
| In re:<br><br>STAR FOOD INTERNATIONAL, INC., a California corporation, dba "FRESHIA MARKET.",<br><br>          Debtor. | CASE NO. 8:10-bk-10073-ES<br><br>Chapter 11<br><br>**NOTICE OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P. AS BANKRUPTCY COUNSEL**<br><br>[No Hearing Required – Local Bankruptcy Rule 2014-1(b)] |

     **PLEASE TAKE NOTICE** that Star Food International, Inc., a California corporation, dba "Freshia Market," Chapter 11 debtor and debtor in possession herein (the "Debtor"), has filed an application (the "Application") to employ the law firm of Levene, Neale, Bender,

Rankin & Brill L.L.P. ("LNBRB") as the Debtor's bankruptcy counsel effective as of January 5, 2010, the date of the filing of the Debtor's Chapter 11 bankruptcy case.  A copy of the complete Application is on file with the Court and may be obtained by submitting a written request to LNBRB, whose name, address and facsimile number are set forth in the upper left-hand corner of the first page of this Notice.

**PLEASE TAKE FURTHER NOTICE** that the Debtor seeks to employ LNBRB as its bankruptcy counsel to render, among others, the following types of professional services:

a.    advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtor;

b.    advising the Debtor with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors;

c.    representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving its estate unless the Debtor is represented in such proceeding or hearing by other special counsel;

d.    conducting examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of LNBRB's expertise or which is beyond LNBRB's staffing capabilities;

e.    preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, cash collateral pleadings, financing pleadings, and

pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

      f.    representing the Debtor with regard to obtaining use of debtor in possession financing and/or cash collateral including, but not limited to, negotiating and seeking Bankruptcy Court approval of any debtor in possession financing and/or cash collateral pleading or stipulation and preparing any pleadings relating to obtaining use of debtor in possession financing and/or cash collateral;

      g.    assisting the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and

      h.    performing any other services which may be appropriate in LNBRB's representation of the Debtor during its bankruptcy case.

      **PLEASE TAKE FURTHER NOTICE** that because LNBRB's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization law, the services provided by LNBRB do not include the rendition of substantive legal advice outside of these areas such as corporate, tax, securities, tort, environmental, labor, criminal, real estate law or real estate litigation.  LNBRB will not be required to represent or advise the Debtor in matters which LNBRB believes are beyond LNBRB's expertise such as the areas of law just described.  In addition, LNBRB will not be required to represent the Debtor in matters where LNBRB determines that it lacks the ability to staff the matter adequately, such as in certain, major complex litigation.

      **PLEASE TAKE FURTHER NOTICE** that during the one-year period prior to its Chapter 11 filing, the Debtor paid the total sum of $100,000.00 (the "Retainer") to LNBRB for legal services in contemplation of and in connection with the Debtor's Chapter 11 case.  The

Chapter 11 filing fee was paid out of the Retainer.  The Debtor advised LNBRB that the source of the Retainer was the Debtor's funds.

**PLEASE TAKE FURTHER NOTICE** that in addition to the Retainer, LNBRB will seek Court authority to be paid from the Debtor's estate for any and all fees incurred and expenses advanced by LNBRB in excess of the Retainer.  LNBRB recognizes that the payment of any such additional fees and expenses will be subject to further Court order after notice and a hearing.

**PLEASE TAKE FURTHER NOTICE** that the Application is based on this Notice, the Application, the Declaration of Monica Y. Kim, Esq. submitted in support of the Application, the entire record of the case, and any other evidence properly presented to the Court in support of the Application.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 2014-1(b)(3)(E), any response and request for a hearing, in the form required by Local Bankruptcy Rule 9013-1(a)(7), must be filed and served on the Debtor, LNBRB and the Office of the United States Trustee no later than 15 days following the date of service of this Notice.

**PLEASE TAKE FURTHER NOTICE** that the failure to file a timely objection to the Application or request for a Bankruptcy Court hearing on the Application may be deemed by the Bankruptcy Court to constitute consent to Bankruptcy Court approval of the Application.

Dated:  January 6, 2010          STAR FOOD INTERNATIONAL, INC., dba FRESHIA MARKET


By:___*/s/ Monica Y. Kim*_____
      MONICA Y. KIM
      LEVENE, NEALE, BENDER, RANKIN &
          BRILL L.L.P.
      Proposed Attorneys for Chapter 11 Debtor and
      Debtor in Possession

1

2   | In re | CHAPTER  11 |
    STAR FOOD INTERNATIONAL, INC., a California corporation, dba "FRESHIA     CASE NUMBER  8:10-bk-10073-ES
    MARKET.",

3                                                            Debtor(s).

4                    **PROOF OF SERVICE OF DOCUMENT**

5   I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
    10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

6

7   The document(s) described as: **NOTICE OF APPLICATION OF DEBTOR AND DEBTOR IN
    POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P. AS BANKRUPTCY
    COUNSEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by

8   LBR 5005-2(d); and **(b)** in the manner indicated below:

9   I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to
    controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served

10  by the court via NEF and hyperlink to the document. On **January 6, 2009,** I checked the CM/ECF docket
    for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the

11  Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

12      * Nancy S Goldenberg     nancy.goldenberg@usdoj.gov
        * Monica Y Kim    myk@lnbrb.com

13      * United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

14                                          ☐   Service information continued on attached page

15  II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
    On **January 6, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this

16  bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope
    in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as

17  follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later
    than 24 hours after the document is filed.*

18

    **VIA OVERNIGHT DELIVERY**
19  Secured Creditors
    20 Largest Unsecured Creditors
20   (see attached service lists)

                                            ☒   Service information continued on attached page
21

22

23

24

25

26  (PROOF OF SERVICE CONTINUED ON FOLLOWING PAGE)

27

28

1

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 6, 2010**, I

2

served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here*

3

*constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

4

**VIA OVERNITEEXPRESS OVERNIGHT DELIVERY**

5

Hon. Erithe A. Smith
United States Bankruptcy Court

6

411 West Fourth Street, Ctrm 5A
Santa Ana, California 92701-4593      ☐   Service information continued on attached page

7

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true

8

and correct.

9

| January 6, 2010 | Angela Antonio | /s/ Angela Antonio |
| Date | Type Name | Signature |

10

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

11

*January 2009*                                              **F 9013-3.1**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In re Star Food International
Case No. 8:10-bk-10073-ES
Secured Creditors

Office of the U.S. Trustee *
Santa Ana
411 West Fourth St. Suite 9041
Santa Ana, CA 92701

SERVED VIA U.S. MAIL UNLESS
SERVED VIA NEF (*)

BEKSEJU USA INC.
7123 TELEGRAPH ROAD
MONTEBELLO, CA 90640

BLUE MARINE SEAFOOD, INC.
4988 CORONA AVE.
VERNON, CA 90058

BONG SOO LEE

CJ FOODS, INC.
5801 SOUTH MALT AVE.
COMMERCE, CA 90040

COSMOS FOOD
2405 FORNEY ST.
LOS ANGELES, CA 90031

DOKIL BAKERY
835 EAST 29TH ST.
LOS ANGELES, CA 90011

DON LEE
2615 BLAZE TRAIL
DIAMOND BAR CA 91765

E-HWA FOOD PRODUCTS CO.
2639 EAST 54TH ST.
HUNTINGTON PARK, CA 90255

HAITAI, INC.
7227 TELEGRAPH RD.
MONTEBELLO, CA 90640

LOTTE INT'L AMERICA-GROC.
1805 INDUSTRIAL ST.
LOS ANGELES, CA 90021

LOTTE INT'L-MEAT
1805 INDUSTRIAL ST.
LOS ANGELES, CA 90021

MR. PIZZA WESTERN, INC.
3881 WILSHIRE BLVD., SUITE B
LOS ANGELES, CA 90010

PACIFIC CITY BANK
3701 WILSHIRE BLVD.
SUITE 100
LOS ANGELES, CA 90010

TAE BONG AMERICA, INC.
13120 SPRING ST.
BALDWIN PARK, CA 91706

US METRO BANK
9866 GARDEN GROVE BLVD.
GARDEN GROVE, CA 92844

WANG GLOBALNET
2465 FRUITLAND
VERNON, CA 90058

WARREN INVESTMENTS
501 SANTA MONICA BLVD.
SUITE 501
SANTA MONICA, CA 90401

In re Star Food International
Case No. 8:10-bk-10073-ES
20 Largest Unsecured

Office of the U.S. Trustee *
Santa Ana
411 West Fourth St. Suite 9041
Santa Ana, CA 92701

SERVED VIA U.S. MAIL UNLESS
SERVED VIA NEF (*)

HYE KYUNG YOON
2-301 DOGOK 2- DONG
GANGNAM-GU, SEOUL, KOREA

PULMUONE WILDWOOD, INC.
2315 MOORE AVE.
FULLERTON, CA 92833

JAYONE FOOD
7212 ALONDRA BLVD.
PARAMOUNT, CA 90723

PACIFIC GIANT, INC.
4625 DISTRICT BLVD.
VERNON, CA 90058

WOOSUNG AMERICA
1805 INDUSTRIAL ST.
LOS ANGELES, CA 90021

JOBBERS MEAT
3336 FRUITLAND AVE.
LOS ANGELES, CA 90058

JIN HAN INT'L INC.
3000 SUPPLY AVE.
COMMERCE, CA 90040

JFC INTERNATIONAL INC.
P.O. BOX 875349
LOS ANGELES, CA 90087

I&T PRODUCE CO., INC.
1601 EAST OLYMPIC BLVD.
LOS ANGELES, CA 90021

IBC PRODUCE
1717-1719 INDUSTRIAL ST.
LOS ANGELES, CA 90021

KOREAN FARM, INC.
12500 EAST SLAUSON AVE. UNIT 81 A
SANTA FE SPRINGS, CA 90670

OTTOGI AMERICA, INC.
1650 WEST EL SEGUNDO BLVD.
GARDENA, CA 90249

JAY PRODUCE INC.
2939 SUNOL DRIVE
LOS ANGELES, CA 90023

DAE WON FOOD
400 EAST ALONDRA BLVD.
GARDENA, CA 90248

TAEMIN INT'L TRADING CORP.
15320 VALLEY VIEW AVE. # 3
LA MIRADA, CA 90638

DAE SANG AMERICA, INC.
2040 DAVIE AVE.
COMMERCE, CA 90040

MARSH&HERB IMPORTER
P.O. BOX 1845
ARCADIA, CA 91077-1845

WIN SOON, INC.
4569 FIRESTONE BLVD.
SOUTH GATE, CA 90280

OYANG AMERICA, INC.
1043 SOUTH HARVARD BLVD.
Los Angeles, CA 90006-2403

INTERSTATE SEAFOOD
P.O. BOX 86445
LOS ANGELES, CA 90086

1

2

3

| In re<br>STAR FOOD INTERNATIONAL, INC., a California corporation, dba "FRESHIA MARKET.",<br><div align="right">Debtor(s).</div> | CHAPTER  11<br>CASE NUMBER  8:10-bk-10073-ES |
| --- | --- |

4

# PROOF OF SERVICE OF DOCUMENT

5

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

6

7

The document(s) described as: **APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P. AS BANKRUPTCY COUNSEL; DECLARATION OF MONICA Y. KIM, ESQ. IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

8

9

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 6, 2009,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

10

11

12

13

  * Nancy S Goldenberg     nancy.goldenberg@usdoj.gov
  * Monica Y Kim     myk@lnbrb.com
  * United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

14

☐  Service information continued on attached page

15

16

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **January 6, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

17

18

19

**VIA OVERNIGHT DELIVERY**
Secured Creditors
20 Largest Unsecured Creditors
 (see attached service lists)

20

21

☒  Service information continued on attached page

22

23

24

25

26

27

(PROOF OF SERVICE CONTINUED ON FOLLOWING PAGE)

28

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 6, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**VIA OVERNITEEXPRESS OVERNIGHT DELIVERY**
Hon. Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Ctrm 5A
Santa Ana, California 92701-4593          ☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 6, 2010 | Angela Antonio | /s/ Angela Antonio |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                        **F 9013-3.1**

In re Star Food International
Case No. 8:10-bk-10073-ES
Secured Creditors

Office of the U.S. Trustee *
Santa Ana
411 West Fourth St. Suite 9041
Santa Ana, CA 92701

SERVED VIA U.S. MAIL UNLESS
SERVED VIA NEF (*)

BEKSEJU USA INC.
7123 TELEGRAPH ROAD
MONTEBELLO, CA 90640

BLUE MARINE SEAFOOD, INC.
4988 CORONA AVE.
VERNON, CA 90058

BONG SOO LEE

CJ FOODS, INC.
5801 SOUTH MALT AVE.
COMMERCE, CA 90040

COSMOS FOOD
2405 FORNEY ST.
LOS ANGELES, CA 90031

DOKIL BAKERY
835 EAST 29TH ST.
LOS ANGELES, CA 90011

DON LEE
2615 BLAZE TRAIL
DIAMOND BAR CA 91765

E-HWA FOOD PRODUCTS CO.
2639 EAST 54TH ST.
HUNTINGTON PARK, CA 90255

HAITAI, INC.
7227 TELEGRAPH RD.
MONTEBELLO, CA 90640

LOTTE INT'L AMERICA-GROC.
1805 INDUSTRIAL ST.
LOS ANGELES, CA 90021

LOTTE INT'L-MEAT
1805 INDUSTRIAL ST.
LOS ANGELES, CA 90021

MR. PIZZA WESTERN, INC.
3881 WILSHIRE BLVD., SUITE B
LOS ANGELES, CA 90010

PACIFIC CITY BANK
3701 WILSHIRE BLVD.
SUITE 100
LOS ANGELES, CA 90010

TAE BONG AMERICA, INC.
13120 SPRING ST.
BALDWIN PARK, CA 91706

US METRO BANK
9866 GARDEN GROVE BLVD.
GARDEN GROVE, CA 92844

WANG GLOBALNET
2465 FRUITLAND
VERNON, CA 90058

WARREN INVESTMENTS
501 SANTA MONICA BLVD.
SUITE 501
SANTA MONICA, CA 90401

In re Star Food International
Case No. 8:10-bk-10073-ES
20 Largest Unsecured

Office of the U.S. Trustee *
Santa Ana
411 West Fourth St. Suite 9041
Santa Ana, CA 92701

SERVED VIA U.S. MAIL UNLESS
SERVED VIA NEF (*)

HYE KYUNG YOON
2-301 DOGOK 2- DONG
GANGNAM-GU, SEOUL, KOREA

PULMUONE WILDWOOD, INC.
2315 MOORE AVE.
FULLERTON, CA 92833

JAYONE FOOD
7212 ALONDRA BLVD.
PARAMOUNT, CA 90723

PACIFIC GIANT, INC.
4625 DISTRICT BLVD.
VERNON, CA 90058

WOOSUNG AMERICA
1805 INDUSTRIAL ST.
LOS ANGELES, CA 90021

JOBBERS MEAT
3336 FRUITLAND AVE.
LOS ANGELES, CA 90058

JIN HAN INT'L INC.
3000 SUPPLY AVE.
COMMERCE, CA 90040

JFC INTERNATIONAL INC.
P.O. BOX 875349
LOS ANGELES, CA 90087

I&T PRODUCE CO., INC.
1601 EAST OLYMPIC BLVD.
LOS ANGELES, CA 90021

IBC PRODUCE
1717-1719 INDUSTRIAL ST.
LOS ANGELES, CA 90021

KOREAN FARM, INC.
12500 EAST SLAUSON AVE. UNIT 81 A
SANTA FE SPRINGS, CA 90670

OTTOGI AMERICA, INC.
1650 WEST EL SEGUNDO BLVD.
GARDENA, CA 90249

JAY PRODUCE INC.
2939 SUNOL DRIVE
LOS ANGELES, CA 90023

DAE WON FOOD
400 EAST ALONDRA BLVD.
GARDENA, CA 90248

TAEMIN INT'L TRADING CORP.
15320 VALLEY VIEW AVE. # 3
LA MIRADA, CA 90638

DAE SANG AMERICA, INC.
2040 DAVIE AVE.
COMMERCE, CA 90040

MARSH&HERB IMPORTER
P.O. BOX 1845
ARCADIA, CA 91077-1845

WIN SOON, INC.
4569 FIRESTONE BLVD.
SOUTH GATE, CA 90280

OYANG AMERICA, INC.
1043 SOUTH HARVARD BLVD.
Los Angeles, CA 90006-2403

INTERSTATE SEAFOOD
P.O. BOX 86445
LOS ANGELES, CA 90086